UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

BARTOLOME BRITO,

                    Petitioner,

          vs.

PHILIP HEATH,[1] Superintendent, Sing
Sing Correctional Facility,

                    Respondent.

No. 9:06-cv-01463-JKS

MEMORANDUM DECISION

    Petitioner Bartolome Brito, a state prisoner proceeding *pro se*, has filed a petition for

habeas corpus relief under 28 U.S.C. § 2254.  Brito is currently in the custody of the New York

Department of Correctional Services, incarcerated at the Sing Sing Correctional Facility.

Respondent has answered, and Brito has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

    Following a trial by jury, Brito was convicted in the Oneida County Court of one

count each of:  Conspiracy in the Fourth Degree (N.Y. Penal Law § 105.10(1)), Criminal

Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21[1]), Criminal

Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[1]), and

Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39[1]).  The

trial court sentenced Brito to concurrent, indeterminate prison terms of 1⅓ to 4 years for the

---

[1] Philip Heath, Superintendent, Sing Sing Correctional Facility, is substituted for Brian
Fischer, Superintendent, Sing Sing Correctional Facility.  Fed. R. Civ. P. 25(b).

conspiracy count; 8 years to life for the first-degree drug possession count; and two terms of 8⅓ to 25 years for each of the third-degree drug sale and possession counts.  Brito timely appealed his conviction to the Appellate Division, Fourth Department, which affirmed his conviction in a reasoned, published decision.  The New York Court of Appeals dismissed his appeal to that court for failure to prosecute on September 30, 2005.[2]  On June 8, 2006, Brito filed a motion for a writ of error *coram nobis* in the Appellate Division, Fourth Department, which summarily denied his motion without opinion or citation to authority, and the New York Court of Appeals denied leave to appeal on January 19, 2007.[3]  Brito timely filed his petition for relief in this Court on November 29, 2006, and his amended petition on February 16, 2007.

## II.  GROUNDS RAISED/DEFENSES

In his amended petition, Brito raises seven grounds:  (1) the trial court erred in seating a juror and then later refused to disqualify the juror; (2) the trial court erred by not suppressing evidence of intercepted telephone conversations and evidence obtained under a search warrant based on those conversations; (3) even if the eavesdropping evidence and evidence pursuant to the search warrant were legally obtained, the trial court erred in not suppressing evidence that was outside the scope of the warrant; (4) the trial court erred in precluding Brito from calling his girlfriend to testify where preclusion was ordered as a sanction for the girlfriend's presence during a portion of the People's case; (5) the trial court erred in denying his motion to preclude

---

[2] *People v. Brito*, 782 N.Y.S.2d 889 (App. Div. 2004) (*Brito I*), *lv. granted*, 825 N.E.2d 137 (N.Y. 2005) (Table), *dism'd*, 837 N.E.2d 738 (N.Y. 2005) (Table).  A motion to set aside the dismissal was denied, *People v. Brito*, 843 N.E.2d 1152 (N.Y. 2005) (Table), and reconsideration of that denial was denied on April 4, 2006, *People v. Brito*, 847 N.E.2d 374 (N.Y. 2006) (Table).

[3] *People v. Brito*, 823 N.Y.S.2d 116 (App. Div. 2006) (*Brito II*) (Table), *lv. denied*, 862 N.E.2d 795 (N.Y. 2007) (Table).

voice identification evidence; (6) he was deprived of the effective assistance of appellate counsel because counsel failed to timely file a brief in the New York Court of Appeals; and (7) appellate counsel's error constituted "plain error."  Respondent contends that Brito's first, second, third, fourth, and fifth grounds are procedurally barred.  Respondent pleads no other affirmative defenses.[4]

### III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6]  The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

---

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412.

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8]  When a claim falls

under the "unreasonable application" prong, a state court's application of Supreme Court

precedent must be objectively unreasonable, not just incorrect or erroneous.[9]  The Supreme Court

has made clear that the objectively unreasonable standard is a substantially higher threshold than

simply believing the state court determination was incorrect.[10]  In a federal habeas proceeding,

the standard under which this Court must assess the prejudicial impact of constitutional error in a

state-court criminal trial is whether the error had a substantial and injurious effect or influence in

determining the jury's verdict.[11]  Brito "bears the burden of proving by a preponderance of the

evidence that his constitutional rights have been violated."[12]

        In applying this standard, this Court reviews the last reasoned decision by the state

court.[13]  In addition, the state court's findings of fact are presumed to be correct unless the

petitioner rebuts this presumption by clear and convincing evidence.[14]

        To the extent that the petition raises issues of the proper application of state law, they are

beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of

---

        [8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

        [9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

        [10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

        [11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

        [12] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

        [13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

        [14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

dual federalism that the states possess primary authority for defining and enforcing the criminal law.[15]  A federal court must accept that state courts correctly applied state laws.[16]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[17]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[18]

## IV.  DISCUSSION

**A.     Procedural Bar**

Brito raised the first five grounds asserted in the amended petition on direct appeal.  After the New York Court of Appeals granted leave to appeal, the appeal was dismissed for failure to prosecute.[19]  Respondent contends that this dismissal constitutes an independent state law ground sufficient to bar litigation of these claims in a federal habeas proceeding.  This Court agrees.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and

---

[15] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[16] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[17] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[18] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[19] *See Brito I.*

adequate to support the judgment."[20]  In federal habeas proceedings a district court may not reach the merits of procedurally defaulted claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[21]  Under controlling Second Circuit law, to constitute an adequate and independent state law ground it must be consistently applied,[22] and expressly relied upon.[23]  To avoid this bar, a petitioner must demonstrate cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.[24]

It is clear that the dismissal by the New York Court of Appeals rested upon state grounds, *i.e.*, the failure to comply with procedural requirements necessary to perfect the appeal.  The Second Circuit has, at least implicitly, held that dismissal of an appeal by the New York Court of Appeals for failure to prosecute is an adequate independent state ground barring federal habeas relief.[25]

Brito argues that the failure of his appellate counsel to perfect his appeal constitutes sufficient cause to avoid the bar.  This argument is also foreclosed.[26]  Even if Brito were able to establish good cause, as discussed further below, he cannot show that the denial of his claim would have resulted in either prejudice or a fundamental miscarriage of justice.

---

[20] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[21] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[22] *Richardson v. Greene*, 497 F.3d 212, 217–18 (2d Cir. 2007).

[23] *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005)

[24] *Coleman*, 501 U.S. at 749-750.

[25] *See Hernandez v. Greiner*, 414 F.3d 266, 268–69 (2d Cir. 2005).

[26] *Id.* at 269–70.

**B.      Error in Seating and not Disqualifying a Juror [Ground 1]**.

Brito argues that the Oneida County Court erred when it seated a prospective juror over his objection.  Brito contends that the juror failed to give an unequivocal assurance that she would give the case her undivided attention, could put aside her negative experiences relating to illegal drugs and render a verdict based solely on the evidence.  Alternatively, Brito contends that the Oneida County Court violated his right to be tried by an impartial jury by denying his motion to unseat the same juror after she revealed that she would feel uncomfortable rendering a verdict because Brito lived in her neighborhood and she feared retaliation in the event of a guilty verdict. In rejecting Brito's arguments, the Appellate Division held:

> County Court did not abuse its discretion in determining that a prospective juror's promise to be impartial was credible.  Viewing the "entire testimony" of the prospective juror (citations omitted), we conclude that the court had the discretion to deny defendant's challenge for cause (citation omitted).  Because defendant thereafter failed to establish that the juror was grossly unqualified, the court properly permitted the juror to continue to serve (citation omitted).[27]

In federal courts, as in New York state courts, dismissal of jurors is committed to the discretion of the trial court and will be reversed only upon a showing of clear abuse of that discretion.[28]  Even in death penalty cases, the Supreme Court has accorded an exceptional amount of discretion to the trial court to determine whether a juror may or may not be able to apply the law faithfully and impartially.[29]  A juror may not be challenged for cause unless the views of the juror would substantially impair the performance of the juror's duties in accordance with the instructions and the juror's oath; that it *might* impair the performance of the juror's

---

[27] *Brito I*, 782 N.Y.S.2d at 890–91.

[28] *Cruz v. Jordan*, 357 F.3d 269, 270 (2d Cir. 2004) (per curiam).

[29] *See Wainwright v. Witt*, 469 U.S. 412, 426 (1985).

7

duties is insufficient.[30]  The challenger has the burden to show the existence of bias or partiality

on the part of a juror.[31]  Given the holdings of the Supreme Court in capital cases, this Court

cannot say that the decision of the Appellate Division in a non-capital case "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" at the time the state court rendered its decision or "was

based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."[32]  Brito is not entitled to relief under his first ground.

## C.  **Suppression of Evidence [Grounds 2 and 3]**.

Ground 2:  Telephone Intercepts/Warrant Invalid.

Brito argues that, because the supporting affidavits depended on illegally intercepted

telephone conversations as establishing probable cause, the eavesdropping and search warrants

were invalid.  The Appellate Division rejected Brito's arguments, holding:

> Finally, the court properly denied defendant's motion to suppress evidence
> obtained from the eavesdropping warrant.  The investigators' affidavits
> sufficiently "apprise[d] the issuing court of the nature and progress of the
> investigation, and of the difficulties inherent in the use of normal law enforcement
> methods, sufficient to ensure that eavesdropping [was] more than just a 'useful
> tool' in the investigation" (citation omitted).[33]

Brito's Fourth Amendment argument is foreclosed by the Supreme Court decision in

*Stone*.[34]  Under the holding in *Stone*, "where the State has provided an opportunity for full and

---

[30] *See Adams v. Texas*, 448 U.S. 38, 45 (1980).

[31] *Irvin v. Dowd*, 366 U.S. 717, 723 (1961).

[32] 28 U.S.C. § 2254(d).

[33] *Brito I*, 782 N.Y.S.2d at 891.

[34] *Stone v. Powell*, 428 U.S. 465 (1976).

fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial.[35]  The Second Circuit has made it clear that all *Stone* requires is that the State provide a petitioner the opportunity to litigate his Fourth Amendment claim.[36]  In order to receive habeas review of his Fourth Amendment claim, a petitioner must demonstrate either that the state failed to provide any "corrective procedures" by which Fourth Amendment claims could be litigated, or that the state had such procedures in place, but that the petitioner was unable to avail himself of those procedures "because of an unconscionable breakdown in the underlying process."[37]  A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process," is insufficient to give this Court authority to review Fourth Amendment claims.[38]  That New York has in place such procedures is well settled,[39] and Brito has not asserted the existence of an unconscionable breakdown of that process in this case. Brito is not entitled to relief under his second ground.

Ground 3:  Suppression of Evidence Recovered from Brito's Attic.

Brito argues that by searching the attic at 36 Mohawk Street, the police exceeded the scope of the search warrant.  The Appellate Division rejected Brito's position, holding:

> The court properly determined that the search of the attic at defendant's residence did not exceed the scope of the search warrant for those premises.

---

[35] *Id.* at 482.

[36] *See McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983).

[37] *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

[38] *Id*. at 72.

[39] *See Id*.

Because the attic is accessible only through the upstairs apartment, the attic may be considered part of that upstairs apartment (citations omitted).[40]

This ground presents a purely factual question.  The factual finding of the Appellate Division is presumed correct unless rebutted by clear and convincing evidence.[41]  Having failed to present clear and convincing evidence that the finding of the Appellate Division was incorrect, Brito is not entitled to relief under his third ground.

**D.     Preclusion/Admission of Testimony [Grounds 4 and 5]**.

Ground 4:  Preclusion of Girlfriend's Testimony.

As he did before the Appellate Division, Brito argues before this Court that it was error to preclude his girlfriend from testifying as a defense witness because she had been present in the courtroom during prior testimony, when the trial court had failed to issue a sequestration order.  The Appellate Division accepted Brito's argument, but found the error to be harmless, holding:

> We agree with [Brito] that the court erred in precluding [Brito's] girlfriend from testifying as a defense witness because she had been present in the courtroom during prior testimony, when the court had failed to issue a sequestration order.  However, we conclude that the error is harmless.  The evidence of [Brito's] guilt is overwhelming, and there is no significant probability that [Brito] would have been acquitted but for the error (citation omitted).[42]

Although Brito continues to argue it was error to preclude his girlfriend's testimony, Brito does not contest the determination by the Appellate Division that the error was harmless.  As described in Brito's amended petition, the proffered testimony of Brito's girlfriend was that Brito would sometimes sleep over at her apartment and that, based upon conversations with Brito and

---

[40] *Brito I*, 782 N.Y.S.2d at 891.

[41] 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340.

[42] *Brito 1*, 782 N.Y.S.2d at 891.

the owner of the apartment complex, someone else rented the second-floor apartment.  What Brito fails to address is the relevance of this testimony to any material fact at issue in the case or how it might have affected the outcome.  Accordingly, this Court cannot say on the record before it that the decision of the Appellate Division  "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[43] Brito is not entitled to relief under his fourth ground.

Ground 5:  Voice Identification Evidence.

In his amended petition, Brito contends that the Oneida County Court erred in admitting the voice identification testimony of one of the investigators.  Brito does not, however, articulate how or why admission of this testimony constituted a constitutional error.  In his direct appeal Brito presented the issue solely upon state law grounds:  the failure to comply with N.Y. Criminal Procedure Law § 710.30.  The Appellate Division rejected Brito's argument, holding:

> We reject the contention of [Brito] that the court erred in admitting the identification testimony of a State Police investigator based on the People's failure to provide notice of that testimony pursuant to CPL 710. 30.  Such notice is not required where, as here, the identification by the investigator was merely confirmatory (citation omitted).[44]

Having failed to present a Federal constitutional issue, Brito is not entitled to relief under his fifth ground.

E.   **Ineffective Assistance of Appellate Counsel [Grounds 6 and 7]**.

---

[43] 28 U.S.C. § 2254(d).

[44] *Brito I*, 782 N.Y.S.2d at 891.

11

Although Brito attempts to separate his sixth and seventh grounds, in reality they are a single ground.  In his sixth ground, Brito contends that he was denied the effective assistance of appellate counsel because his counsel failed to comply with procedural rules while prosecuting his appeal before the New York Court of Appeals, which resulted in its dismissal on procedural grounds.  Brito raised this issue in his motion for a writ of error *coram nobis*.  The Appellate Division summarily denied his motion without opinion or citation to authority.[45]  Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.[46]  In so doing, because it is not clear that it did not so do, this Court assumes that the state court decided the claim on the merits and the decision rested on federal grounds.[47]  This Court gives the assumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[48]

There is no constitutional right to the assistance of counsel on a discretionary appeal to the state's highest court.[49]  Brito argues that this rule does not apply in this case because once

---

[45] *See Brito II.*

[46] *See Dolphy v. Mantello*, 552 F.3d 236, 239–40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530–31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

[47] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *see Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris–Coleman* interplay); *see also Fama v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810–11 (2d Cir. 2000) (same).

[48] *Jimenez*, 458 F.3d at 145–46.

[49] *See Ross v. Moffitt*, 417 U.S. 600, 610–12 (1974); *see also Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (holding that a petitioner whose counsel failed to file a timely application for a discretionary appeal to a state's highest court, after his conviction had been

(continued...)

12

leave to appeal is granted, the appeal becomes one of right, to which the right to counsel attaches. Brito's argument is foreclosed by the decision of the Second Circuit in *Hernandez v. Greiner*.[50] In *Hernandez*, after noting "that requiring counsel on a second-level discretionary appeal after permission to take such an appeal has been granted would be a 'new rule' within the meaning of *Teague* [*v. Lane*, 489 U.S. 288 (1989)]," the Second Circuit declined to apply it to grant habeas corpus relief.[51]

In his seventh ground, Brito attempts to formulate a "plain error" argument that somehow constitutes a constitutional right to the assistance of counsel in this case where it does not otherwise exist. In his traverse, Brito relies on the decision of the district court in *Hernandez*.[52] Brito's reliance on the district court's decision is misplaced because Brito misreads that decision. On facts substantially similar to this case, the district court declined to issue a writ of habeas corpus, holding that Hernandez did not have a constitutional right to the assistance of counsel on a second-level discretionary appeal even where, as in this case, leave to appeal was granted and the appeal subsequently dismissed for the failure of counsel to prosecute the appeal. The district court did, however, grant a certificate of appealability on the issue of whether a federal district court has jurisdiction to relieve a criminal appellant from his counsel's procedural default in failing to timely attend to a ministerial filing requirement to preserve a right to appeal to the

---

[49](...continued)
affirmed by a first-level appellate court, could not be deprived of the effective assistance of counsel because he had no constitutional right to counsel).

[50] 414 F.3d 266 (2d Cir. 2005).

[51] *Hernandez*, 414 F.3d at 270–71.

[52] *Hernandez v. Greiner*, 305 F. Supp. 2d 216 (E.D.N.Y. 2004), *aff'd*, 414 F.3d 266.

state's highest court after leave to appeal has been granted by that court.  The Court of Appeals, answering the certified issue in the negative, agreed with the district court and affirmed.[53]  Brito is not entitled to relief under his sixth or seventh grounds.

V.  CONCLUSION AND ORDER

Brito is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[54]  To the extent the issues raised in the petition were addressed by the Appellate Division, Fourth Department, no reasonable jurist could find that the decision was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated: January 28, 2010.

/s/ James K. Singleton, Jr.<br/>JAMES K. SINGLETON, JR.<br/>United States District Judge

---

[53] *Hernandez*, 414 F.3d at 269–71.

[54] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

14